T. Donald Hirschfeld *v.* Commission on Claims, State of Connecticut

House, C. J., Loiselle, Bogdanski, Longo and Barber, Js.

Argued December 9, 1976—decision released April 12, 1977

*Elliott B. Pollack,* for the appellant (plaintiff).

*Bernard F. McGovern, Jr.,* assistant attorney general, with whom were *Robert E. Walsh,* assistant attorney general, and, on the brief, *Carl R. Ajello,* attorney general, and *John G. Hill, Jr.,* assistant attorney general, for the appellee (defendant).

LOISELLE, J. The plaintiff began this proceeding in the Court of Common Pleas by service of process upon the defendant commission on claims.[1] The nature of the proceeding is the subject of disagreement between the parties. The plaintiff claims that it is an appeal under the Uniform Administrative Procedure Act from a decision of the commission on claims. The defendant views it as an independent action, and claims that it is barred by the doctrine of sovereign immunity.

Connecticut has long recognized the common-law principle of the state's immunity from suit on a claim for liability without its consent. It has expressly provided by constitutional provision and statutory enactment for the adjudication of claims against the state with its permission. *Fidelity Bank* v. *State*, 166 Conn. 251, 253, 348 A.2d 633; Conn. Const., art. XI, § 4; General Statutes, c. 53, §§ 4-141—4-165.

According to the complaint, in 1972 the plaintiff filed with the commission a claim against the state arising from an alleged breach of contract by the University of Connecticut. The claim filed sought permission for the plaintiff to bring suit against the state in a court of law. Permission was denied. The plaintiff claimed that the commission did not decide the factual and legal question submitted to it and that it had violated statutory requirements by failing to make findings of fact, adopt rules of procedure and take action by a majority of its members.

The commission filed a plea in abatement stating that it was a state agency, and that the complaint

---

[1] 1975 Public Acts, No. 75-605, amended chapter 53 of the General Statutes, substituting "claims commissioner" for "commission" throughout. This suit was brought against the commission.

was defective in failing to allege that the action had been authorized by the commission on claims in accordance with § 4-160 of the General Statutes. (Under this section the state waives its immunity to suits authorized by the commission.) The plea was sustained by the trial court and, on motion by the plaintiff, judgment was rendered for the defendant. The plaintiff appealed to this court.

When the act dealing with claims against the state (hereinafter the Claims Act) was enacted in 1959, a portion of the act read: "No other order, act or proceeding of the commission shall be questioned or examined in any manner by any court or in any judicial proceeding." 1959 Public Acts, No. 685, § 22 (b). The language was strengthened by 1961 Public Acts, No. 476, § 9 (b), so that it read: "The action of the commission in approving or rejecting payment of any claim or part thereof shall be final and conclusive on all questions of law and fact and shall not be subject to review by any other officer of the state or by any court by appeal, mandamus or otherwise." General Statutes § 4-164.

In 1972, the Uniform Administrative Procedure Act, hereinafter the UAPA, took effect. 1971 Public Acts, No. 854. It included a provision for judicial review of contested cases decided by agencies; § 4-183; and stated that it applied to "all agencies and agency proceedings not expressly exempted." § 4-185. Certain matters were specifically exempted, but the Claims Act was not mentioned. There was no express provision for repeal of other laws until two years later, when technical amendments were passed. 1973 Public Acts, No. 73-620. These amendments included an express repeal of all inconsistent provisions of the General Statutes (save those pro-

viding for confidentiality of records); § 4-189; and express exemptions from the definition of "agency," and hence from the application of the act, for the governor, lieutenant governor and attorney general. § 4-166. Addressing the House before passage of the bill, Representative David H. Neiditz, the proponent of the bill, explained that "it specifies which agencies are not covered. . . . [A]ll other agencies are included within the Act." 16 H.R. Proc., pt. 13, 1973 Sess., p. 6437.

The language of General Statutes § 4-189 that "[a]ny provisions . . . which are inconsistent with the provisions of this chapter [§§ 4-166—4-189] are repealed" gives no more force than the doctrine of repeal by implication. *Shanley* v. *Jankura,* 144 Conn. 694, 702, 137 A.2d 536; *Woodmont Assn.* v. *Milford,* 85 Conn. 517, 520, 84 A. 307. "The doctrine that a later statute repeals by implication all provisions of former ones which are inconsistent with it, rests on the ground that the last expression of the legislative will ought to control." *New York, N.H. & H. R. Co.* v. *Bridgeport Traction Co.,* 65 Conn. 410, 427, 32 A. 953. Repeal by implication is not favored. *Knights of Columbus Council* v. *Mulcahy,* 154 Conn. 583, 591, 227 A.2d 413; *Costa* v. *Reed,* 113 Conn. 377, 385, 155 A. 417. Derangement of sovereign immunity, which is rooted in tradition, is not to be inferred from a statute aimed purely at uniformity of procedure among state agencies, especially where the inveterate usage forbids the implication. See *General Motors Acceptance Corporation* v. *United States,* 286 U.S. 49, 61–62, 52 S. Ct. 468, 76 L. Ed. 971. "It is a basic principle of statutory construction that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized

spectrum." *Radzanower* v. *Touche Ross & Co.,* 426 U.S. 148, 153, 96 S. Ct. 1989, 48 L. Ed. 2d 540. Implicit repeal must not diminish sovereign immunity save by express terms or necessary implication. *State* v. *Kilburn,* 81 Conn. 9, 11, 69 A. 1028. If the statutes appear to be repugnant, but both can be construed together, both are given effect. *Cicala* v. *Administrator,* 161 Conn. 362, 365, 288 A.2d 66; *Sloane* v. *Waterbury,* 150 Conn. 24, 29, 183 A.2d 839; 73 Am. Jur. 2d, Statutes, § 400.

The language of the "no review" provision of the Claims Act is too clear and specific to have been implicitly repealed by the UAPA. That language, however, broad as it is, does not explicitly state that the commission was thereby given an unreviewable right to violate its own enabling legislation. There is a strong presumption that legislative bodies do not intend to prohibit all judicial review of agency decisions. *Dunlop* v. *Bachowski,* 421 U.S. 560, 567, 95 S. Ct. 1851, 44 L. Ed. 2d 377; *Abbott Laboratories* v. *Gardner,* 387 U.S. 136, 140, 87 S. Ct. 1507, 18 L. Ed. 2d 681. Even "unreviewable" decisions of administrative bodies may be reviewed to determine whether the body has performed its statutory duty, has acted in excess of its delegated powers, or contrary to a specific legislative prohibition. *Railway Clerks* v. *Employees Assn.,* 380 U.S. 650, 661, 85 S. Ct. 1192, 14 L. Ed. 2d 133; *Leedom* v. *Kyne,* 358 U.S. 184, 79 S. Ct. 180, 3 L. Ed. 2d 210. It is preferable to restrict the scope of review rather than to bar it altogether. See *Dunlop* v. *Bachowski,* supra.

The Uniform Administrative Procedure Act was in no way aimed at diminishing sovereign immunity or altering substantive law. Its main objective was

uniform procedure. Bearing this in mind, the two statutory schemes can be construed together so that the provisions of the UAPA apply to the claims commission insofar as they permit appeals to a court from a decision of the commission (1) which is in violation of constitutional or statutory provisions; (2) which is in excess of the statutory authority of the agency; or (3) which is made upon unlawful procedure. Thus the plaintiff's appeal alleging procedural violations by the commission could be brought to the Court of Common Pleas. The court erred in sustaining the plea in abatement.

There is error, the judgment is vacated, and the case remanded with direction to overrule the plea in abatement and proceed according to law.

In this opinion the other judges concurred.