[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This is a claim against the Commissioner of Transportation for personal injuries sustained when a dead tree is alleged to have fallen on plaintiff's automobile while traveling on a state highway. Prior to instituting this action plaintiff obtained permission to sue the defendant from the Claims Commissioner after a hearing.
Defendant Commissioner moves to dismiss on the ground that this action is barred by the state's sovereign immunity because
 1. Plaintiff failed to request permission to sue the state.
 2. Plaintiff failed to state the amount of his claim, and
 3. The state did not owe plaintiff a duty to protect him against falling trees.
We find that the plaintiff adequately requested CT Page 11683 permission to sue the state pursuant to General Statutes4-147, the "Notice of claim" statute for actions against the state. In the Claims Commissioner's memorandum of decision dated June 2, 1992, he specifically found that the claimant's written notice together with the oral request in January of 1991 . . . satisfies the statute." General Statutes 4-147
specifically states that "[s]uch notice shall be for informational purposes only and shall not be subject to any formal or technical requirements, except as may be necessary for clarity of presentation and facility of understanding."
Moreover, this court cannot review decisions of the Claims Commissioner. Circle Lanes of Fairfield, Inc. v. Fay,195 Conn. 534, 541, 489 A.2d 363 (1985). "The commissioner of claims performs a legislative function directly reviewable only by the General Assembly." Circle Lanes of Fairfield, Inc. v. Fay, supra.
We also find that the plaintiff adequately stated the amount of his claim against the state as required by General Statutes 4-147. The plaintiff's notice of claim stated that "[t]his claim is in excess of $1,000.00. . . ." As noted above, General Statutes 4-147 provides and the Claims Commissioner found that the notice of claim is for informational purposes only and is not subject to any technical requirements.
Finally, we do not believe that the question of whether the state owed the claimant a duty to protect him from falling roadside trees is appropriately raised in a motion to dismiss which is used to test the court's jurisdiction. Practice Book sec. 142. Such a question of law should be raised by a motion to strike or a motion for summary judgment.
Motion to Dismiss Denied.
Wagner, J. CT Page 11684