[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff, Willie E. Thompson, appeals the decision of the defendant state claims commissioner dismissing his claim for compensation for injuries and losses sustained while he was an inmate at the state prison in Somers. The plaintiff had alleged that his injuries were caused by the negligence or intentional conduct of a fellow inmate driving a forklift in accordance with instructions of a department of CT Page 5250 correction employee. The defendants move to dismiss for lack of subject matter jurisdiction.
The claims commissioner acted pursuant to General Statutes 4-154. The plaintiff cites as authorization for his appeal the General Statutes; the Practice Book; the United States and Connecticut constitutions; 42 U.S.C. § 1981, 1982,1983; and "more specifically" General Statutes 52-1, 4-183
and the Uniform Administrative Procedure Act (chapter 54 of the statutes). In his brief in opposition to the motion to dismiss, the plaintiff clearly states that this action is an appeal authorized by General Statutes 4-183, and the court treats it as such.
Oral argument on the motion to dismiss was scheduled to be heard at the short calendar session of the Hartford Superior Court on April 26, 1993, and counsel were duly notified by mail. The plaintiff's counsel did not appear, although he had filed a brief in opposition to the motion. Because of counsel's absence and because efforts to find his telephone number in Bridgeport were unsuccessful, the court continued the hearing to the next short calendar session on May 3, 1993. At the request of the court, the assistant attorney general appearing for the commissioner wrote the plaintiff's attorney on April 26, by certified mail to the address he furnished on his pleadings, advising him of the postponed court hearing date. On May 3, 1993, as scheduled, the court called the case. The plaintiff's attorney was again absent, again without explanation. And again, the court attempted to find a telephone number of the attorney in Bridgeport, the city shown as his address in his pleadings to the court. The effort was unsuccessful. The court thereupon heard oral argument by the assistant attorney general in support of the commissioner's motion, and reserved decision. The court has now reviewed the entire file, including the brief filed by the plaintiff's attorney. The court's decision is, accordingly, based on its review of the whole file in the case and the oral argument of the defendant commissioner.
In his motion to dismiss, the commissioner raises a number of issues. In particular, his argument based on General Statutes 4-164a is dispositive of the case. That statute reads, in its entirety, as follows:
The claims commissioner is exempt CT Page 5251 from the provisions of sections 4-176e to 4-183 inclusive.
In opposition to the commissioner's motion, the plaintiff cites Hirschfeld v. Commission on Claims, 172 Conn. 603
(1977). That case was decided before the enactment of4-164a, which was enacted in 1982. In Hirschfeld, the court held that, notwithstanding the provisions of 4-164, the claims commission's decisions are subject to judicial review insofar as the appeal alleges violation of statutory or constitutional provisions or unlawful procedure. Under the rule of Hirschfeld, prior to 1982, therefore, this court arguably would have had jurisdiction to hear the plaintiff's appeal, which indeed alleges statutory and constitutional violations and unlawful procedure.
With the enactment of 4-164a, however, the legislature clarified the law concerning the court's lack of jurisdiction. "(T)he Superior Court never had jurisdiction under any part of General Statutes 4-183(g). The commissioner of claims performs a legislative function directly reviewable only by the General Assembly." Circle Lanes of Fairfield, Inc. v. Fay, 195 Conn. 534, 541 (1985).
In the Circle Lanes case, the Supreme Court indicated that a claimant might have some form of judicial relief other than an appeal under 4-183 "in an appropriate case." Such a case might be one where "egregious and otherwise irreparable violations of state or federal constitutional guarantees are being or have been committed. . . ." Id. 542-543. However, the plaintiff in this case has sought to appeal under the Uniform Administrative Procedure Act and that avenue has been decisively closed by 4-164a and the Supreme Court.
The plaintiff's appeal is dismissed.
Maloney, J.