RITTENBAND, J.
 

 This is an administrative appeal by the plaintiff from the May 5, 1993 final decision/ declaratory ruling of the state department of public utility control (DPUC) and the state department of health services (department). That decision held that the defendant town of Ashford (town) was not required to transfer its proposed water supply system to the plaintiff, Aqua Treatment and Service, Inc. The plaintiff claims that this decision was in violation of General Statutes § 16-262m and the agency regulations thereunder that required the town to transfer to the plaintiff the ownership of and right to operate and maintain that water supply system.
 

 On August 25 and 26, 1993, the town and the DPUC respectively moved to dismiss for lack of subject matter jurisdiction on the ground that the passage of Public Acts 1993, No. 93-245 (act) rendered the present appeal moot. The act was passed by the General Assembly and signed by the governor on June 23, 1993, with an effective date of October 1, 1993.
 

 
 *38
 
 The parties agree, and the court finds, that Public Acts 1993, No. 93-245 expressly exempts municipalities from the requirement to transfer a water supply system to a private water company in the present case, from the town to the plaintiff. The question, then, is whether Public Acts 1993, No. 93-245 was intended to operate retroactively to the adoption of § 16-262m. If it is retroactive and, in effect, amended § 16-262m prior to the decision of the DPUC and the department as well as the present appeal, then the appeal is moot as claimed by the DPUC and the town. Whether Public Acts 1993, No. 93-245 is retroactive is a question of first impression.
 

 “A statute should not be applied retroactively to pending actions unless the legislature clearly expressed an intent that it should be so applied.”
 
 McNally
 
 v.
 
 Zoning Commission,
 
 225 Conn. 1, 9, 621 A.2d 279 (1993);
 
 New Haven
 
 v.
 
 Public Utilities Commission,
 
 165 Conn. 687, 726, 345 A.2d 563 (1974). “It is a rule of construction that statutes are not to be applied retroactively to pending actions, unless the legislature clearly expresses an intent that they shall be so applied. . . . ‘The passage or repeal of an act shall not affect any action then pending.’ General Statutes § 1-1.” (Citations omitted.)
 
 New Haven
 
 v.
 
 Public Utilities Commission,
 
 supra, 726. General Statutes (Rev. to 1995) § 1-1 (u) still contains the same language.
 

 The Supreme Court has held, however, that “[w]here an amendment is intended to clarify the original intent of an earlier statute, it necessarily has retroactive effect. ”
 
 State
 
 v.
 
 Magnano,
 
 204 Conn. 259, 284, 528 A.2d 760 (1987);
 
 Circle Lanes of Fairfield, Inc.
 
 v.
 
 Fay,
 
 195 Conn. 534, 540-41, 489 A.2d 363 (1985). In
 
 State
 
 v.
 
 Magnano,
 
 supra, 282 n.11, however, the legislative history of the statute at issue clearly specified “to clarify.” In
 
 Circle Lanes of Fairfield, Inc.
 
 v.
 
 Fay,
 
 supra, 540-41, the court’s holding that the legislative amendment at issue was intended to clarify was based upon its finding that the
 
 *39
 
 legislature has plenary authority to define the scope of administrative appeals
 
 and
 
 the dictates of sovereign immunity. The court here agrees with the plaintiff that § 16-262m was clear and unambiguous on its face and, therefore, there was no need to clarify it. In addition, there is nothing in the legislative history of Public Acts 1993, No. 93-245 that indicates an intent to clarify the earlier statute. If anything, it shows an intent to change the statute. Clifton A. Leonhardt, chairperson of the DPUC, in his testimony to the legislative committee on February 9,1993, stated that “[b]asically . . .at the current time . . . regulations . . . require that a small water system constructed by a municipality be turned over to [a] private water company . . . .” Conn. Joint Standing Committee Hearings, Energy and Public Utilities, Pt. 1, 1993 Sess., p. 322. He did not say that there was a question that needed clarification. Leonhardt stated the regulations under the statute as they existed. He stated further that, as far as the Ashford case was concerned, the DPUC was already exempting municipalities under title 7 of the statutes and, as to that case, “we’re [the DPUC] going to be able to clear [that] up . . . .” Id., p. 323. Leonhardt obviously was stating that there was no need to clarify the original statute. Also, on June 3, 1993, the chairperson of the legislative committee told the full state Senate, “[w]hat this bill does is
 
 exempt
 
 some water utilities operated by or for municipalities from two requirements when they seek to build or expand.” (Emphasis added.) 36 S. Proc., Pt. 10, 1993 Sess., p. 3588, remarks of Senator Melodie Peters. There was no mention of clarification. Further, there is nothing in the legislative history that indicates that the change in the statute was to be retroactive.
 

 Accordingly, the court finds that Public Acts 1993, No. 93-245, was enacted not to clarify the original statute, but, rather, was enacted to change the statute. There is no evidence that the act was to be retroactive.
 
 *40
 
 Accordingly, the effective date of the act was October 1, 1993. Since that date was after the date of the filing of the present appeal, Public Acts 1993, No. 93-245, does not render this appeal moot.
 

 Even if it assumed, for the sake of argument, that the act was intended to have retroactive effect, it still would not render this appeal moot. Retroactivity “must not operate in a manner that would unjustly abrogate vested rights.”
 
 Hartford
 
 v.
 
 Freedom of Information Commission,
 
 201 Conn. 421, 426, 518 A.2d 49 (1986); see
 
 Hillier
 
 v.
 
 East Hartford,
 
 167 Conn. 100, 355 A.2d 1 (1974). It must not unjustly abrogate vested rights or deprive the plaintiff of a legally cognizable property interest. To do so would violate article first, § 1, of the constitution of Connecticut and § 1 of the fourteenth amendment to the United States constitution. In
 
 Hillier,
 
 the court found that the subject act or amendment abrogated the defendant’s vested right to investigate a claim by permitting a late filing of a notice.
 
 Hillier
 
 v.
 
 East Hartford,
 
 supra, 107. This court cannot think
 
 of
 
 anything that is more of a vested right and a legally cognizable property interest (assuming the plaintiff wins this appeal on the merits) than the right to own, operate and maintain a water supply system.
 

 Finally, in their supplemental briefs, the DPUC and the town claim that the town withdrew its original application in November, 1993, that the withdrawal was accepted by the DPUC, and, therefore, that the appeal is moot. The town admits that it did so to take advantage of Public Acts 1993, No. 93-245, by filing a new application after October 1, 1993. This court agrees with the plaintiffs contention that the department must also accept the town’s withdrawal (the application was submitted to and decided by both the DPUC and the department) and there is no evidence before the court that the department did so.
 

 
 *41
 
 Further, it is clear that the town was previously authorized to construct the system prior to the May 5, 1993 decision and that the construction is by now either completed or almost completed. Also, in its July 19, 1994 memorandum in support of the motion to dismiss, the DPUC characterizes the May 5, 1993 action as a
 
 “final
 
 decision/declaratory ruling.” (Emphasis added.)
 

 The court fails to see how an application can be “withdrawn” once a final decision has been rendered or once construction has begun or has been completed. Accordingly, the court finds that there was no effective withdrawal of the application, and, therefore, the “withdrawal” does not render the present appeal moot.
 

 It should be noted that, at oral argument, it was conceded that not issuing a “final certificate” does not make the present appeal moot. The court so finds, and would so find, even if there were no such concession. For the foregoing reasons, the motions to dismiss are denied.