[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal brought by the State of Connecticut and the State of Connecticut Department of Administrative Services, Office of Labor Relations and the Sheriff of Fairfield County, appealing a decision of the Connecticut State Board of Labor Relations dated December 1, 1993. That decision and CT Page 4711 its attendant order resulted from a complaint dated July 26, 1991 by Louis Lewis to the Board, claiming that the Sheriff of Fairfield County had engaged in a prohibited labor practice directed at Mr. Lewis who was a Special Deputy Sheriff in Fairfield County at the time. Subsequent to Mr. Lewis' complaint to the Board and prior to its decision regarding the complaint, Public Act No. 92-61 was enacted.
The Board found that Mr. Lewis, as a Special Deputy Sheriff, was an employee, subject to the Act Concerning Collective Bargaining for State Employees, and that he was terminated by his employer, the Sheriff of Fairfield County for union organizing activities. This was determined by the Board to be a prohibited practice in violation of Section 5-272(a)(5) of the Act; orders directed to the Sheriff ensued from the Board's decision. This appeal followed from that decision and those orders. For the reasons stated hereinafter, the appeal is sustained and it is further ordered that the decision and order of the Board is reversed.
The factual record for this appeal is voluminous. The important operative facts are as follows. Mr. Lewis was a Special Deputy Sheriff appointed by the High Sheriff of Fairfield County in October 1988; he was reappointed in June 1989, again in June, 1990, and again in June, 1991. The High Sheriff is a constitutional officer within the meaning of Article Fourth, Sec. 25 of the Connecticut Constitution. He is an elected official. Mr. Lewis was appointed (and reappointed) by him pursuant to ConnecticutGeneral Statutes Section 6-43, subject to the provisions contained in that statute. Mr. Lewis engaged in union organizing activities amongst his fellow special deputy sheriffs in 1990 and 1991. Mr. Lewis' appointment was withdrawn, that is, he was terminated by the High Sheriff on July 26, 1991. The High Sheriff claimed this occurred after hearing, resulting from numerous regulatory breaches by Lewis. The Board found they were a pretext to eliminate Lewis and that this termination was a direct result of Lewis' persistence in union organizing. Lewis' complaint to the Board ensued. The Board found that Mr. Lewis was an employee within the meaning ofConnecticut General Statutes Section 5-270(b). The Board noted the passage of Public Act 92-61 but determined that it had no retroactive effect. It ruled that Mr. Lewis was therefore entitled to the protections afforded employees of the State of Connecticut under the State Employees Relation Act (SERA) and the State Personnel Act. It entered orders consistent with that finding. This appeal ensued. CT Page 4712
There are two principal issues in this case: (1) is Public Act 92-61 retroactive in its application to cover and include Mr. Lewis as of July 26, 1991; and (2) did the Connecticut State Board of Labor Relations err in concluding that Mr. Lewis, as a special deputy sheriff, was an employee within the meaning of the State Employees Relation Act (SERA)? Inasmuch as the first issue is dispositive of the appeal, the court need not reach the second issue.
The Board's Finding of Fact as to the basis or reason for Lewis' termination remains undisturbed. A finding of fact rationally supported in the record will not be overturned. Levinsonv. Board of Chiropractic Examiners, 211 Conn. 508, 521,560 A.2d 403 (1989).
The Defendants urge the Court to find that Public Act 92-61 has no retroactive application. This principle has authority inConnecticut General States Sec. 1-1(u): "The passage or repeal of an act shall not affect any action pending." The Supreme Court "ha[s] construed that provision to mean that `[s]tatutes should be construed retroactively only when the mandate of the legislature is imperative.' (citations omitted)." Sherry H. v. Probate Court,177 Conn. 93, 100 (1979). To determine whether the `mandate of the legislature is imperative', the legislative history must be examined. Ibid. "In determining the intended effect of a later enactment on earlier legislation, two questions must be asked. `First, was the act intended to clarify existing law or change it? Second, if the act was intended to make a change, was the change intended to operate retroactively?' Circle Lanes of Fairfield, Inc.v. Fay, 195 Conn. 534, 540, 489 A.2d 363 (1985)." State v. Magnano,204 Conn. 259, 277 (1987).
The legislative intent to clarify the status of special deputy sheriffs was stated as follows on the floor of the House of Representatives:
"Rep. Adamo: (116th)
 . . . . Madam Speaker, this is a very simple provision which clarifies the fact that the special deputy sheriffs do not come under the provisions of Chapter 66 through 68 as it relates to the State Employees Relations Act, the State Employees Personnel Act and the State Employee Retirement Act. When the term, "special deputy sheriffs" was put into statute in place of "court security CT Page 4713 officers", for some unknown reason, the language that was in the existing statute, 80-394 was not carried forth. This statute, this bill corrects that error. . . ."
1992 Connecticut General Assembly House Proceedings, April 28, 1992, p. 68. Following that explanation, the House of Representatives passed what became Public Act 92-61.
Inasmuch as Public Act 92-61 was intended to clarify the original intent of the legislature, it as ". . . a clarifying act, which `in effect construes and clarifies a prior statute must be accepted as the legislative declaration of the meaning of the original act.' [citations omitted.]" Ibid at 279. Inasmuch as this court finds that the legislature intended Public Act 92-61 to clarify Connecticut General Statutes Section 5-270(b), the court need not need reach the second question. "Where an amendment is intended to clarify the original intent of an earlier statute, it necessarily has retroactive effect." Ibid at 284.
For the reasons stated herein, the appeal is sustained. The decision and order of the Board is Ordered vacated, set aside and reversed.
Munro, J.