[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS NO. 105, NO. 107 AND NO. 110
The plaintiffs, Noberto Coelho and Tony Gomes, bring this declaratory judgment action pursuant to Connecticut General Statutes § 52-29 seeking to have the court determine: (1) whether the claims commissioner has jurisdiction to hear the plaintiffs' claims against the State of Connecticut; and (2) whether the plaintiffs are authorized by General Statutes § 13a-144 to bring suit against the State in Superior Court. Named as defendants are the State of Connecticut and the following state officials: Sean Butterly, Claims Commissioner; Nicholas Cioffi, Commissioner of Public Safety; and Emil Frankel, Commissioner of Transportation.
On June 14, 1990, the plaintiff, employees of O G CT Page 7040 Construction, Inc., were injured when they were struck by a motor vehicle while performing construction work on Interstate Route 95. The plaintiffs allege that a state trooper acting on behalf of the State was negligent in protecting and warning the plaintiffs with respect to oncoming motorists.
On June 12, 1991, the plaintiff filed timely notices of claim against the State pursuant to General Statutes § 4-147. On August 31, 1992, Claims Commissioner Terence Mariani ruled that he lacked jurisdiction to hear the plaintiffs' claims because the plaintiffs were authorized by General Statutes § 13a-144 to bring a defective highway claim against the State in the Superior Court. The plaintiffs then filed the present declaratory judgment action.
On February 1, 1994, Cioffi filed a motion to dismiss (#105) and a supporting memorandum of law. On February 16, 1995, Frankel filed a motion to dismiss (#107) and a supporting memorandum of law. On March 20, 1995 the plaintiffs filed a memorandum in opposition to the motions to dismiss. On March 27, 1995, the State and Butterly filed a motion to dismiss (#110) and a supporting memorandum of law. All three motions to dismiss are based on the ground of lack of subject matter jurisdiction. While the plaintiffs' memorandum in opposition was filed in response to motions to dismiss #105 and #107, the plaintiffs had the opportunity to argue in opposition to motion to dismiss #110 at short calendar on April 17, 1995. The court finds that the filing of a memorandum in opposition to motion #110 is unnecessary in light of the fact that all three motions to dismiss raise similar arguments.
Subject matter jurisdiction under Practice Book § 143(1) refers to the court's "power to hear and determine cases of the general class to which the proceedings in question belong."Castro v. Viera, 207 Conn. 420, 427, 541 A.2d 1216 (1988). The ground of lack of subject matter jurisdiction may be raised by the parties or by the court, sua sponte, at anytime. Daleyv. Hartford, 215 Conn. 14, 28 574 A.2d 194 (1990). Once the issue is raised it must be immediately acted upon by the court. Gurliacciv. Mayer, 218 Conn. 531, 545, 590 A.2d 914 (1991).
In support of their motions to dismiss, the defendants argue that the plaintiffs' remedy is to appeal the decision of the claims commissioner to the General Assembly pursuant to General Statutes § 4-164(b). The defendants also argue that CT Page 7041 § 4-164a specifically exempts the claims commissioner from administrative appeals to the Superior Court.
In response, the plaintiffs argue that they are not attempting to appeal the claims commissioner's decision to the Superior Court, but rather are asking this court to determine whether the claims commissioner has jurisdiction over their claims, or whether the Superior Court may hear their claims pursuant to § 13a-144. The plaintiffs contend that they cannot bring suit against the State pursuant to §13a-144 because: (1) the plaintiffs' injuries were not caused by a highway defect as defined in the statute and the case law interpreting the statute; (2) the plaintiffs were not travelers on the highway within the meaning of the statute; and (3) they can bring suit only if a genuine issue of fact exists that the State's negligence was the sole proximate cause of the plaintiffs' injuries.[1] The plaintiffs further point out that because the claims commissioner ruled that he lacked jurisdiction and because they cannot bring suit in superior court pursuant to § 13a-144, they are left without a forum to litigate their claims.
"The purpose of a declaratory judgment action, as authorized by General Statutes § 52-29 and Practice Book § 390, is to `secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties.'" Wilson v. Kelley, 224 Conn. 110,115, 617 A.2d 433 (1992), quoting Connecticut Association ofHealth Care Facilities, Inc. v. Worrell, 199 Conn. 609, 613,508 A.2d 743 (1986). The function of the trial court in a declaratory judgment action is to ascertain the rights of the parties under existing law. Halpern v. Board of Education, 196 Conn. 647,654-55, 495 A.2d 264 (1985).
The plaintiffs in the present case ask this court to determine whether the claims commissioner has jurisdiction to hear their claims against the State. This first question is inappropriate in the context of a declaratory judgment action because it has been previously answered by the claims commissioner in the negative. If the court were to consider this question, it would be reviewing the claims commissioner's decision in an appellate fashion and rendering an opinion on the correctness of that decision. General Statutes § 4-164(b) provides that "[t]he action of the claims commissioner in approving or rejecting payment of any claim . . . shall be final and conclusive on all questions of law and fact and shall not be subject to review except by the General Assembly." This statute CT Page 7042 "should be read as a clarification of the Superior Court's ongoing lack of jurisdiction to hear appeals from the claims commissioner." Circle Lanes of Fairfield, Inc. v. Fay,195 Conn. 534, 541, 489 A.2d 363 (1985).
Thus, this court cannot review the claims commissioner's decision in the context of the present declaratory judgment action. Furthermore, even if this court were to find that the claims commissioner had jurisdiction to hear the plaintiffs' claims, the finding would be moot because this court cannot reverse the decision of the claims commissioner and order him to exercise jurisdiction over the plaintiffs' claims.
The plaintiffs also ask the court to determine whether they may bring an action against the State in the Superior Court pursuant to the defective highway statute, General Statutes § 13a-144. The claims commissioner, in rendering his decision, ruled that he lacked jurisdiction over the plaintiffs' claims because their claims could be litigated in the Superior Court pursuant to § 13a-144. As with the plaintiffs' first question, if this court were to rule on the second question, it would be violating the mandates of § 4-164(b) by subjecting the claims commissioner's decision to appellate-style scrutiny. If this court were to rule that § 13a-144 does not apply to the plaintiffs' claims, this court essentially would be ruling that the claims commissioner erred in concluding that the plaintiffs could bring suit in Superior Court pursuant to that statute. As previously stated, this court has no power to subject the claims commissioner's decision to appellate review. This rule applies even if the request to review the decision is disguised as a declaratory judgment action. Alternatively, if this court were to "affirm" the claims commissioner's decision and conclude that the plaintiffs could bring their claims pursuant to § 13a-144, it would be rendering a purely advisory opinion because it would be ruling on the legal sufficiency of a cause of action that has not been filed by the plaintiffs. A declaratory judgment action may not be used to secure advisory opinions from the court, nor may it be used to establish abstract legal principles. Wilson v. Kelley, supra 224 Conn. 121.
This court concludes that the plaintiffs' request for declaratory relief in the present case is essentially a veiled attempt to appeal the decision of the claims commissioner to the Superior Court. "The commissioner of claims performs a legislative function directly reversible only by the General CT Page 7043 Assembly." Circle Lanes of Fairfield, Inc. v. Fay, supra195 Conn. 541. In the present case, General Statutes § 4-164(b) places exclusive jurisdiction to review the claims commissioner's decision with the General Assembly. The court should not render a declaratory judgment "where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure. . . ." Practice Book § 390; Aetna Casualty Surety v. Jones, 220 Conn. 290-91. In the present case, the plaintiffs have an established right under existing law to seek review by the General Assembly.
Therefore this court is without jurisdiction to review the claims commissioner's decision in the context of an action for declaratory relief. Accordingly the court grants the defendants' motion to dismiss.
LAWRENCE L. HAUSER, JUDGE