[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO DISMISS)
The defendant has filed a motion to dismiss pursuant to Practice Book § 10-31(a) (1) (2) (4) and (5) for lack of subject matter jurisdiction because the case is barred by the doctrine of sovereign immunity; a failure to exhaust administrative remedies; failure to allege that the conviction was overturned; and lack of personal jurisdiction for insufficiency of process.
The case is described as an action for legal malpractice by the pro se plaintiff, an inmate of the Connecticut Department of Correction. The plaintiff alleges that the defendant, while acting as the plaintiff's special public defender, failed to diligently prepare his defense and made a racial remark. Subsequently, at the request of the plaintiff, a new public defender was appointed to represent the plaintiff for the remainder of his criminal case proceedings. The plaintiff does not claim that any alleged legal malpractice by the defendant was harmful to subsequent proceedings in his criminal case, but rather that the defendant's racial comment was willful and malicious and caused the plaintiff to suffer mental duress and "distrust of white people."
Pursuant to Connecticut Practice Book § 10-31 a motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person and (3) improper venue. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."Richardello v. Butka, 45 Conn. Sup. 336, 18 Conn.L.Rptr. 409 (1997);Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). "A motion to dismiss is used to assert jurisdictional flaws that appear on the record or are alleged by the defendant in a supporting affidavit as to facts not apparent on the record." Villager Pond, Inc. v. Darien, 54 Conn. App. 178,182 (1999); Bradley's Appeal from Probate, 19 Conn. App. 456, 461-62
(1989). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the CT Page 2031 complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader."Villager Pond, Inc. v. Darien, supra at 183; Mahoney v. Lensink,213 Conn. 548, 567 (1990). "It is the law in our courts, as it is in the federal courts, that [a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Pamela B. v. Ment,244 Conn. 296, 309 (1998). It is a well-established principle that "the doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." Federal DepositIns. Corp. v. Peabody, N.E., Inc., 239 Conn. 93, 99, 680 A.2d 1321
(1996); Amore v. Frankel, 228 Conn. 358, 364, 636 A.2d 786 (1994).
 I
It is a recognized principle of law that the State cannot be sued without its consent. Fetterman v. University of Connecticut, 192 Conn. 539,550-51, 473 A.2d 1176 (1984). Since a state can only act through its officers and agents, a suit against these individuals is, in effect a suit against the sovereign state. Horton v. Meskill, 172 Conn. 615,376 A.2d 359 (1977). State officials sued for engaging in official acts are immune from suit. Will v. Michigan State Dept. of State Police,491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); Krozser v. NewHaven, 212 Conn. 415, 521, 562 A.2d 1080 (1989), cert. denied,493 U.S. 1036 (1990).
This absolute bar is modified by decisions which hold that sovereign immunity does not bar actions against state officials who acted in excess of statutory authority or pursuant to an unconstitutional statute. Shayv. Rossi, 253 Conn. 134, 169, 749 A.2d 1147 (2000); Antinerella v.Rioux, 229 Conn. 479, 489, 642 A.2d 699 (1994). In such circumstances, the doctrine does not apply because the employee is not carrying out government policy. There must be allegations showing behavior sufficiently outside the normal scope of the defendant's statutory authority as to approach the conclusion that the defendant was not acting as a public official. Shay v. Rossi, supra, 253 Conn. 170-72. The conduct must be egregious. Id. at 180.
The functions of a special public defender are statutorily authorized pursuant to General Statutes § 51-293. It cannot be said that the uttering of a racially insensitive remark to the plaintiff was within the defendant's statutory authority or his functions as an attorney. The defendant in uttering his comment cannot expect that in doing so, he was carrying out the governmental policy with which he was entrusted, even though the defendant claims his remarks were in jest. Antinerella v.CT Page 2032Rioux, supra, 229 Conn. 497.
 II
It, therefore, becomes appropriate to examine whether statutory immunity, conferred by General Statues § 4-165[1] is applicable to the present case. General Statutes § 4-165 applies to public defenders and special public defenders pursuant to General Statutes § 4-141.
The court must consider the exception to the immunity provided in § 4-165, and assess whether the plaintiff has sufficiently alleged that the defendant's conduct was wanton, reckless or malicious. "In order to establish that the defendant's conduct was wanton, reckless, willful, intentional and malicious, the plaintiff must prove, on the part of the defendants, the existence of a state of consciousness with reference to the consequences of one's acts . . . [Such conduct] is more than negligence, more than gross negligence . . . [I]n order to infer it, there must be more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action . . . Indeed, in some instances, the mere fact that an official has acted in excess of his or her authority may suffice to prove that the conduct was wanton, reckless or malicious." Martin v. Brady,261 Conn. 372, 379-80, quoting Shay v. Rossi, supra, 253 Conn. 181-82.
In the present case, the court concludes that the plaintiff's complaint alleges facts, taken in the light most favorable to the plaintiff, that do not establish that the defendant acted in a wanton, reckless or malicious manner. The allegations of the complaint do not allow the court to infer that the defendant's conduct was indicative of such a state of mind or that the conduct rose to a level of egregiousness necessary to be considered wanton, reckless or malicious. The defendant has admitted to telling the plaintiff, in jest, that "yeah, I don't like black people." This comment was in response to an inquiry from the plaintiff as to whether the defendant was "financially prejudiced" against the plaintiff. The defendant's comment was inappropriate and distasteful, but does not rise to the level of willful, wanton, malicious and reckless behavior or act that would fall within the exception to sovereign immunity and statutory immunity. The defendant's comments are not indicative of any improper or self-serving motive by the defendant; nor was it indicative of a reckless disregard for the rights of the plaintiff. CT Page 2033
The plaintiff, within his complaint, which consists of one count, has pleaded a "mixed bag" of allegations concerning legal malpractice, as well as the infliction of emotional distress by the defendant. The plaintiff, based on these complaints, was appointed a new special public defender in advance of any trial date for his criminal charges. This assignment of new counsel occurred on January 29, 2001. The plaintiff suffered no prejudice or harm due to his allegations that the defendant rendered "pre-trial ineffective assistance of counsel," in providing legal services in the defendant's capacity as a special public defender. In the event the plaintiff is convicted and is subjected to incarceration or otherwise remains under the jurisdiction of the Commissioner of Corrections as a result of that conviction, his sole remedy is a writ of habeas corpus.Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439
(1973). Additionally, claims for monetary relief must allege as an essential element that any conviction or sentence, if any has yet occurred, has already been invalidated. Heck v. Humphreys, 512 U.S. 477,114 S.Ct. 2464, 129 L.Ed.2d 383 (1994). There is no allegation within the plaintiff's complaint that any actions by the defendant resulted in any conviction of the defendant or that any conviction had been invalidated prior to the filing of the instant action.
 III
The defendant also moves to dismiss for the reason that the plaintiff has failed to exhaust the administrative remedy under General Statutes § 4-165. Section 4-165 declares that any person seeking damages against a state employee immune under the statute can, instead file a claim with the State Claims Commission. Circle Lanes of Fairfield, Inc.v. Fay, 195 Conn. 534, 538, 489 A.2d 363 (1985). This is an administrative remedy. State v. Sullivan, 189 Conn. 550, 551-52,457 A.2d 304 (1983), and the failure to exhaust this remedy is grounds for dismissal for lack of subject matter jurisdiction. Doe v. Neintz,204 Conn. 17, 31, 526 A.2d 1318 (1987); State v. Chapman, 176 Conn. 362,365, 407 A.2d 787 (1978).
There are no allegations in the complaint, as to whether a claim was ever filed with the Claims Commission, or whether the Claims Commissioner authorized suit pursuant to General Statutes § 4-160. Thus, the case should be dismissed for failure to exhaust this administrative remedy.
In summary the defendant is entitled to immunity pursuant to General Statutes § 4-165. The plaintiff has failed to avail himself of the administrative remedy available under § 4-165. Accordingly, for the reasons set forth herein, the motion to dismiss is hereby granted. CT Page 2034
The Court
By Arnold, J.