STEPHANIE TOISE *v.* AUDREY ROWE, COMMIS-
SIONER OF SOCIAL SERVICES, ET AL.
(15090)
DAVID DRESSLER *v.* AUDREY ROWE, COMMIS-
SIONER OF SOCIAL SERVICES, ET AL.
(15362)

Foti, Landau and Stoughton, Js.

Argued November 5, 1996—officially released January 21, 1997

*Maria A. Kahn,* for the appellants (plaintiffs).

*Nyle K. Davey,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Richard J. Lynch,* assistant attorney general, for the appellees (defendants).

FOTI, J. The plaintiffs, Stephanie Toise and David Dressler, appeal from the judgments of the trial court dismissing their appeals from the decisions of the bureau of rehabilitation services (bureau). On appeal, the plaintiffs claim that the trial court improperly dismissed the administrative appeals for lack of subject matter jurisdiction. We affirm the judgments of the trial court.

The following facts are relevant for this appeal. The plaintiffs have severe learning disabilities. They both qualified for assistance from the bureau.[1] Although their

---

[1] The bureau of rehabilitation services is a unit of the state department of social services. The department administers and provides a variety of welfare, employment, housing and human service programs. It is the designated state agency for administration of the state plan for vocational rehabilitation services. See General Statutes § 17b-2; 29 U.S.C. § 721 (a) (1); 34 C.F.R. § 361.5. The bureau operates a statewide vocational rehabilitation program in accordance with General Statutes § 17b-650 et seq. It is the designated state unit for rehabilitation services under both state and federal

individual requests to the bureau were not related or similar initially, the plaintiffs both appealed to the Superior Court from bureau decisions and their appeals were dismissed for lack of subject matter jurisdiction. The plaintiffs' appeals to this court, therefore, raise the same issue. On the parties' motion, we consolidated the two appeals on January 25, 1996.

The plaintiff Toise completed two semesters of graduate study in public health at Yale University. She applied for services with the bureau, requesting specific vocational rehabilitation services: a computer, job placement services and tutoring. She later requested that the bureau pay the tuition and the maintenance cost of the Yale University graduate program. The bureau denied her request. Toise requested a hearing to appeal the denial of her request for financial support for her final year of graduate school. The bureau held a hearing and a hearing officer issued a decision on October 4, 1993. The hearing officer reversed the bureau's decision as to tuition assistance and ordered the bureau to pay for one semester of a comparable program at the University of Connecticut. The bureau's director reviewed the hearing officer's decision. On February 4, 1994, the director reversed the hearing officer's decision. The plaintiff sought review by the Superior Court. On August 2, 1995, the trial court, *Norko, J.*, rendered judgment dismissing the appeal on the ground that it lacked subject matter jurisdiction to entertain the appeal.

The plaintiff Dressler applied for services from the bureau in June, 1992. Dressler and his mother had explored various postsecondary academic vocational training options. They were particularly interested in a vocational program on a college campus such as those offered by Lesley College and the University of Ala-

authority. See General Statutes § 17b-651; 29 U.S.C. § 721 (a) (2); 34 C.F.R. § 361.6.

bama. The bureau, however, recommended programs from Chapel Haven, Vista, Futures and an unspecified program in the Norwalk area. The bureau informed Dressler of its policy not to fund out-of-state on campus vocational training programs. Dressler requested a hearing to appeal the denial of his request for support to attend the out-of-state program. On May 14, 1994, the hearing officer issued the decision that the bureau had met its obligations to Dressler. The director of the bureau reviewed the hearing officer's decision. On June 25, 1994, the director adopted, with modifications, the decision of the hearing officer. Dressler sought review by the Superior Court. On October 16, 1995, the trial court, *Maloney, J.*, rendered judgment dismissing the appeal on the ground that it did not have subject matter jurisdiction to entertain the appeal.

"Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. . . . It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation." (Internal quotation marks omitted.) *Figueroa* v. *C & S Ball Bearing*, 237 Conn. 1, 4, 675 A.2d 845 (1996). If the legislature has not created statutory authority for an appeal from an administrative agency, the Superior Court does not have jurisdiction to hear the appeal. *Killingly* v. *Connecticut Siting Council*, 220 Conn. 516, 522, 600 A.2d 752 (1991).

The trial court dismissed the two administrative appeals on the ground that it lacked subject matter jurisdiction because it determined that the plaintiffs did not have a right to appeal the decisions of the bureau and its director. The plaintiffs argue that they had the

right to appeal the decisions of the bureau pursuant to state statute, federal statute and public policy.[2]

"There is no absolute right of appeal to the courts from a decision of an administrative agency." *Lewis* v. *Gaming Policy Board*, 224 Conn. 693, 699, 620 A.2d 780 (1993). "Judicial review of an administrative decision is governed by General Statutes § 4-183 (a) of the [Uniform Administrative Procedure Act], which provides that [a] person who has exhausted all administrative remedies . . . and who is aggrieved by a final decision may appeal to the superior court . . . . A final decision is defined in [General Statutes] § 4-166 (3) (A) as the agency determination in a *contested case* . . . . A contested case is defined in [General Statutes] § 4-166 (2) as a proceeding . . . in which the legal rights, duties or privileges of a party are required *by statute* to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held . . . ." (Emphasis in original; internal quotation marks omitted.) Id., 700.

Disposition of the issue on appeal, therefore, hinges on the language "required by statute" in the definition of a contested case found in § 4-166 (2). A party "does not have a right to appeal unless the [agency] was *statutorily* required to determine the [party's] legal right or privilege . . . in a hearing or after an opportunity for a hearing." (Emphasis in original.) *Summit Hydropower Partnership* v. *Commissioner of Environmental Protection*, 226 Conn. 792, 802, 629 A.2d 367 (1993).

We first examine whether state statutes provide the plaintiffs with a right to appeal. The bureau acts pursu-

---

[2] We do not specifically address the plaintiffs' public policy argument because we conclude that the right to an appeal from an administrative agency is created only through legislative action. This conclusion makes it unnecessary to delve into public policy.

ant to General Statutes (Rev. to 1993) § 17-660 et seq.[3] and state agency regulations. The regulations specifically set out bureau procedure.[4] An agency regulation, however, is not sufficient to qualify a proceeding for contested case status pursuant to § 4-166 (2). *Lewis* v. *Gaming Policy Board*, supra, 224 Conn. 703 n.8.

Pursuant to General Statutes (Rev. to 1993) § 17-664 (now § 17b-654), "[a]ny applicant for or recipient of vocational rehabilitation services who is aggrieved by a decision regarding eligibility for services, pursuant to section 17b-653, shall be entitled to an administrative review by making written request to the department of social services." Section § 10-102-2 (b) (2) of the Regulations of Connecticut State Agencies provides: " 'Administrative Review' means an informal procedure through which the [bureau] affords an opportunity to a client or applicant for rehabilitation service . . . to express and seek remedy for dissatisfaction with [bureau] action or inaction in the provision or denial of such services. Administrative Review is not a 'contested case' within the meaning of Section 4-166 (2) of the Connecticut General Statutes." The plaintiffs, therefore, are not entitled to appeal pursuant to statutes governing the bureau.

---

[3] General Statutes (Rev. to 1993) § 17-660 et seq. are now codified as § 17b-650 et seq.

[4] If a client and the bureau cannot agree on a particular service, the parties can seek administrative review. Regs., Conn. State Agencies § 10-102-20. After this review, a client may request that the director of the bureau authorize an administrative hearing. Section § 10-102-21 of the Regulations of Connecticut State Agencies provides that "[a] fair hearing shall be granted after an administrative review which has resulted in a decision adverse to the client or applicant, and upon timely request for a fair hearing by the client or application of the duly authorized representative." After the hearing officer submits a decision to the director, the director may review the proposed decision pursuant to § 10-102-21 (j) (1) of the regulations. The parties can present additional evidence to the director. Regs., Conn. State Agencies § 10-102-21 (j) (4). The director will then decide the matter. Regs., Conn. State Agencies § 10-102-21 (k). Section 10-102-21 (o) of the regulations provides for a right to appeal pursuant to General Statutes § 4-183.

The plaintiffs further contend that it is standard bureau procedure to offer a hearing to an aggrieved party. "If a hearing is not statutorily mandated, however, even if one is gratuitously held, a 'contested case' is not created." *Dadiskos* v. *Connecticut Real Estate Commission,* 37 Conn. App. 777, 782, 657 A.2d 717 (1995).

The plaintiffs argue that the statutory right of appeal from a decision by the commissioner of social services also applies to the decisions by the bureau and its director. The department of social services is statutorily required to hold a fair hearing upon proper request by a person who is aggrieved by a decision of the commissioner of social services. The plaintiffs contend that the director of the bureau is a designee of the commissioner of social services,[5] that the bureau represents itself as an unit of the department of social services, and that, therefore, the statutes providing a right to appeal from a decision of the commissioner of social services should also provide them with a right to appeal from a decision by the bureau.

The plaintiffs cite General Statutes (Rev. to 1993) §§ 17-2a and 17-2b[6] and the statutes that govern its predecessor agency, the department of human resources, General Statutes §§ 17-603 and 17-604, as providing the right for a party aggrieved by a decision of the commissioner to request a hearing. Pursuant to these statutory requirements, the commissioner must hold a hearing upon request and, therefore, a decision constitutes a final decision pursuant to § 4-166 (3) (A).

[5] The plaintiffs cite portions of the state plan for this proposition. The state plan must be submitted to the federal government by the commissioner and the department of social services in order for the state to participate in the program. See 29 U.S.C. § 721.

[6] General Statutes §§ 17-2a and 17-2b are now codified as §§ 17b-60 and 17b-61.

The trial court found that decision-making power is vested in the director of the bureau. The bureau director is the head of the designated state unit. See General Statutes (Rev. to 1993) § 17-661. The commissioner of social services is not involved in decisions of the bureau. The statutory provisions permit an appeal specifically from a decision by the commissioner of social services. See General Statutes (Rev. to 1993) §§ 17-2a and 17-2b. Furthermore, the legislature has provided a right to appeal the actions of specific units of the department of social services. See General Statutes (Rev. to 1993) § 17-82f (now § 17b-66) (providing right to appeal from public assistance) and General Statutes (Rev. to 1993) § 17-134e (now § 17b-264) (providing right to appeal from medical assistance). It did not, however, until amending General Statutes § 17b-654 in 1995, provide for a right to appeal from the actions of the bureau. We, therefore, determine that the statutes that provide a right to appeal from the decisions of the department of social services do not grant a right of appeal from the decisions of the bureau or its director.

The plaintiffs also claim that Public Acts 1995, No. 95-355,[7] which provides a right to appeal a bureau decision to the Superior Court, clarified the existing law at the time of its enactment. They cite *State* v. *Magnano*, 204 Conn. 259, 528 A.2d 760 (1987), and *Circle Lanes*

[7] Public Acts 1995, No. 95-355, effective October 1, 1995, amended General Statutes § 17b-654 to provide for an appeal therefrom in accordance with § 4-183. General Statutes (Rev. to 1997) § 17b-654 now requires the bureau to hold a hearing. It provides: "(a) Any applicant for or recipient of vocational rehabilitation services may request an informal review of any decision made by the bureau pursuant to section 17b-653. (b) Regardless of whether a person requests an informal review under subsection (a) of this section, any applicant for or recipient of vocational services who is aggrieved by a decision made by the bureau pursuant to section 17b-653 *may request an administrative hearing*, by making written request to the director of the bureau of rehabilitation services. (c) An individual who is aggrieved by a final agency decision made pursuant to subsection (b) of this section may appeal therefrom in accordance with section 4-183." (Emphasis added.)

*of Fairfield, Inc.* v. *Fay,* 195 Conn. 534, 489 A.2d 363 (1985), to support their argument that a statute that clarifies the law should be applied retroactively.

While we agree that a clarifying act would be retroactively applied, "[i]t is well established that the right to appeal an administrative action is created only by statute and a party must exercise that right in accordance with the statute in order for the court to have jurisdiction." *New England Rehabilitation Hospital of Hartford, Inc.* v. *Commission on Hospitals & Health Care,* 226 Conn. 105, 120, 627 A.2d 1257 (1993). Prior to Public Acts 1995, No. 95-355, there was not a statute authorizing an appeal to the Superior Court from a decision by the bureau. A right to appeal constitutes a substantive change in the law. *In re Daniel,* 237 Conn. 364, 373–74, 678 A.2d 462 (1996). Public Acts 1995, No. 95-355, therefore, creates a substantive right and will not be retroactively applied.

We next address authority under federal statutes. Our Supreme Court has not addressed the issue of whether a federal statute could confer the right to appeal from an administrative agency.[8] The plaintiffs argue that judicial review exists under federal law. Citing 29 U.S.C. § 722 (d) (1) and 34 C.F.R. § 361.48, they contend that the bureau, as the designated state unit responsible for rehabilitation services under the federal act, is required to provide a hearing for an applicant as a condition of

[8] In *Summit Hydropower Partnership* v. *Commissioner of Environmental Protection,* supra, 226 Conn. 803 n.14, our Supreme Court stated: "Although not addressed by the parties to this case, it is far from clear whether the 'required by statute' language in General Statutes (Rev. to 1987) § 4-166 (2) does in fact refer to federal statutory law. Because the parties assume that reference should be made to both state and federal law in order to assess whether the commissioner was required by statute to determine the plaintiff's request for § 401 certification, we assume, strictly for the purposes of this appeal, that the 'required by statute' language incorporates federal statutory law." The court, therefore, did not resolve the issue before this court.

funding. Section 722 (d) (1) 29 U.S.C. provides that "[t]he director of any designated state unit shall establish procedures for the review of determinations made by the rehabilitation counselor or coordinator under this section, upon the request of an individual with a disability." Subsection (c) of 34 C.F.R. § 361.48 provides in part that "the state plan must assure that procedures are established by the director of the designated state unit so that any applicant for or client of vocational rehabilitation services who is dissatisfied with any determinations made by a rehabilitation counselor or coordinator concerning the furnishing or denial of services may request a timely review of those determinations." The plaintiffs claim that this review qualifies as a hearing requirement that constitutes a contested case pursuant to § 4-166 (2).

The federal provisions do not create a right of appeal from a decision of the bureau. They create a requirement that the director set out a procedure for administrative review, but do not explicitly provide for judicial review of decisions made by the bureau or its director. Moreover, the threat of revoking funding does not mandate that the state legislature provide a right of review.

The right to appeal administrative agency decisions is created by the legislature. The legislature did not provide a right to appeal a decision by the bureau or its director until it enacted Public Acts 1995, No. 95-355. Prior to the amendment of § 17b-650, there was no hearing required by statute and, therefore, pursuant to § 4-183, no right to appeal the decisions of the bureau or its director. The trial court properly determined that it was without subject matter jurisdiction to hear the plaintiffs' appeals.

The judgments are affirmed.

In this opinion the other judges concurred.