[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs appeal a decision of the defendant Gaming Policy Board of the Department of Revenue Services (Board) reversing its decision granting the plaintiffs' request for exemptions under General Statutes § 12-574 (n). The plaintiff Bridgeport Jai Alai, Inc. has operated the jai alai fronton in Bridgeport, Connecticut, since May 1976. A. Robert Zeff is the president and a director of Bridgeport Jai Alai, Inc. Paul Weintraub is an officer and director of Bridgeport Jai Alai, Inc., and Magda Newcamp is a director. The defendant Board is mandated by statute to work with the defendant Division of Special Revenue (Division) to implement and administer the statutory provisions regulating legalized gambling.
On April 12, 1995, the plaintiffs applied to the defendant Division for conversion of the fronton to a dog racing track, which requires licensing under General Statutes § 12-574. (Return of Record (ROR), Item 2.) On January 12, 1996, the plaintiffs applied to the defendant Board for exemptions pursuant to General Statutes § 12-574 (n) and § 12-574-E5 of the Regulations of Connecticut State Agencies that would exempt the plaintiffs from background investigations. On April 24, 1996, the defendant Board voted to grant the plaintiffs a waiver from the licensing background investigation. (ROR, Item 8, p. 7.) Sometime prior to May 22, 1996, the plaintiff Bridgeport Jai Alai, Inc. CT Page 1958 was sent the Board's May 22, 1996, meeting agenda which included the following item:
 Reconsideration of the grant of a waiver to A. Robert Zeff, et al. From the Gaming Policy Board regarding a licensing background investigation.
(ROR, Item 9, attachment to plaintiffs' Motion to Dismiss.) At the May 22, 1996 meeting, the Board voted to reconsider the granting of the waiver. Plaintiffs' counsel was present. (ROR, Item 10.) A motion to rescind the granting of the waiver and to deny the request for a waiver was tabled to the June 26, 1996 meeting. On June 26, 1996, the Board voted to rescind the waiver and deny the request for a waiver.[1](ROR, Item 12.)
The plaintiffs raise a number of issues in these appeals. Before reaching those issues of due process violations, inadequate notice, predetermination, bias and illegal procedure, the court must address the claim raised by the defendants in their answer and brief that this court lacks the jurisdiction to hear these cases. Lewis v. Gaming Policy Board, 224 Conn. 693,698 (1993) ("A court lacks discretion to consider the merits of a case over which it is without jurisdiction."). The defendants assert that proceedings from which these appeals arise do not constitute contested cases within the meaning of General Statutes § 4-166 so that no appeal is authorized under General Statutes § 4-183.
As noted most recently in Toise v. Rowe,243 Conn. 623, 626 (1998), "the UAPA grants the Superior Court jurisdiction over appeals of agency decisions only in certain limited and well delineated circumstances." (Internal quotations omitted; citations omitted.) Under General Statutes § 4-183, "a person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section." In General Statutes § 4-166 (3), "final decision" is defined in part pertinent to this case as "the agency determination in a contested case." The term "contested case" is defined in General Statutes § 4-166 (2):
 "Contested case" means a proceeding, including but not restricted to rate-making, price fixing and licensing, in which the legal rights, duties or privileges of a party are required by statute to CT Page 1959 be determined by an agency after an opportunity for hearing or in which a hearing is in fact held, but does not include proceedings on a petition for a declaratory ruling under section 4-176 or hearings referred to in section 4-168. . . .
In Summit Hydropower Partnership v. Commr. of EnvironmentalProtection, 226 Conn. 792 (1993), the Supreme Court addressed the issue before this court. In that case, plaintiff appealed the denial of a water quality certification, a condition precedent to obtaining a license to construct and operate a hydroelectric facility. The Supreme Court determined that the plaintiff had no right to appeal the denial because the certification proceeding was not a contested case. In reaching this result, the court interpreted General Statutes § 4-166
(2) and noted,
 The test for determining contested case status has been well established and requires an inquiry into three criteria, to wit: (1) whether a legal right, duty or privilege is at issue, (2) and is statutorily required to be determined by the agency (3) through an opportunity for hearing or in which a hearing is in fact held.
Summit Hydropower Partnership v. Commr. of Environmental Protection,supra, 226 Conn. 800-01. The court ultimately found that General Statutes § 4-166 (2) limits contested cases to those proceedings "in which the agency is required by statute to provide an opportunity for a hearing to determine a party's legal rights or privileges." (Italics in original.) Id., 811. Since there was no requirement in that statute governing the certification process for a hearing, no appeal was authorized under § 4-183.
Here, the plaintiffs were seeking an exemption from the investigation requirement that was part of the licensing process for the conversion of the fronton to a dog track. The provision regarding exemptions is within the statute governing licensing, § 12-574, and reads,
 (n) Licensing exemptions. The appropriate licensing authority may, on its own motion or upon application, exempt any person or business organization from the licensing requirements of this chapter or some or all of the disclosure requirements of chapter 226b. The appropriate licensing authority, in making its determination, CT Page 1960 shall consider whether the applicant seeking the exemption will exercise control in or over an activity which is ancillary to and not an integral part of any activity authorized under this chapter. The burden of proving that an exemption should be granted rests solely with the applicant. The licensing authority making the determination may limit or condition the terms of an exemption and such determination shall be final.
While this provision contains no express language requiring a hearing, the plaintiffs argue that the sentence, "the burden of proving that an exemption should be granted rests solely with the applicant," should be read to require a hearing. The court disagrees under several well recognized tenets of statutory construction.
 "It is fundamental that statutory construction requires us to ascertain the intent of the legislature and to construe the statute in a manner that effectuates that intent." (Internal quotation marks omitted.) Starr v. Commissioner of Environmental Protection, 236 Conn. 722, 737 (1996). "In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) Fleming v. Garnett, 231 Conn. 77, 92 (1994); State v. Metz, 230 Conn. 400, 409 (1994).
Cannata v. Department of Environmental Prot., 239 Conn. 124,140-41 (1996). Within the same statute, § 12-574, specifically in provisions (i), (j) and (m), regarding licensing and regulation, the legislature included specific references to hearings and the Uniform Administrative Procedure Act, General Statutes §§ 4-166 through 4-189.
 To ascertain whether a statute requires an agency to determine the legal rights or privileges of a party in a hearing or after an opportunity for a hearing, we need to examine all the statutory provisions that govern the activities of the particular agency or agencies in question. CT Page 1961
(Internal quotation marks omitted.) Summit Hydropower v. Commissioner ofEnvironmental Protection, supra, 226 Conn. 800-01. The absence of any similar reference to, supra, 226 Conn. 800-01. The absence of any similar reference to a hearing requirement in (n) leads this court to conclude that the legislature did not intend to require a hearing before action on an exemption.
 Where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject . . . is significant to show that a different intention existed. . . . That tenet of statutory construction is well grounded because [t]he General Assembly is always presumed to know all the existing statutes and the effect that its action or non-action will have upon any one of them. (Citations omitted; internal quotation marks omitted.) In re Ralph M., 211 Conn. 289, 306-307 (1989).
M. DeMatteo Construction Company v. New London, 236 Conn. 710, 717
(1996). See also Plourde v. Liburdi, 207 Conn. 412, 416 (1988). ("The use of different words [or the absence of repeatedly used words in the context of] the same [subject matter] must indicate a difference in legislative intention.") In this statutory scheme regarding the licensing and regulation of legalized gambling, the legislature chose to treat the exemption proceeding differently from the other licensing proceedings. In light of the fact that the exemption rulings do not necessarily determine the result of the licensing application, this appears quite reasonable.
Since the statutory provision contains no requirement for a hearing, these matters do not fall within the category of contested cases:
 The legislature, rather than the agencies, has the primary and continuing role in deciding which class of proceedings should enjoy the full panoply of procedural protections afforded by the UAPA to contested cases, including the right to appellate review by the judiciary. Deciding which class of cases qualify for contested case status reflects an important matter of public policy and "the primary responsibility for formulating public policy must remain with the legislature."
(Citations omitted.) Summit Hydropower Partnership v. Commr. ofEnvironmental Protection, supra, 226 Conn. 810-11. CT Page 1962
Because these appeals are not contested cases, there is no final decision from which the plaintiffs have a right to appeal under § 4-183. Accordingly, the appeals are dismissed for lack of subject matter jurisdiction.
DiPentima, J.