[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brings this appeal from a final decision of the Bureau of Rehabilitation Services ("BRS") of the State of Connecticut. Department of Social Services ("DSS") adopting the recommended decision of the fair hearing officer issued January 9, 1995. The decision confirmed the denial to the plaintiff of assistance for her attendance at the Threshold Program of Lesley College in Cambridge, Massachusetts. The appeal is brought under the authority of the Uniform Administrative Procedure Act ("UAPA"), General Statutes §§ 4-166 et seq., 4-183. The appeal was timely filed and the plaintiff is aggrieved by the decision denying her financial assistance for the Threshold Program.
This case has had inordinate delays as a result of a jurisdictional issue ultimately resolved in favor of jurisdiction by the Supreme Court in Toise v. Rowe, 243 Conn. 623 (1998). The parties had jointly moved for a stay of proceedings pending the Supreme Court decision and such motion was granted by the court. The Toise decision establishes jurisdiction of the Superior Court to review, pursuant to the UAPA, administrative decisions of BRS.
In her appeal, the plaintiff asserts that the denial of assistance is violitive of the Federal Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.; and arbitrary, capricious and an abuse of discretion.
The plaintiffs date of birth is September 25, 1973. She had moderate to severe learning disabilities, which included inefficiencies in visual processing and weakness in language abilities. She also had significant weaknesses in spelling, writing, and math and deficiencies relating to independent living skills. While still a student at Hamden High School in Hamden, Connecticut, the plaintiff, in January of 1992, applied to the Threshold Program of Lesley College. On or about April 28, 1992, Ms. Warner made application for services with BRS. The plaintiff advised the BRS counselor that her vocational goal was to earn a two year degree from Lesley College in Early Childhood Education. CT Page 6635 The BRS counselors in their initial assessment advised the plaintiff that she was unlikely to be considered severely disabled and thus was not likely to be considered eligible for paid services. In the spring of 1992, the plaintiff was accepted into the Threshold Program at Lesley College. She graduated from Hamden High School in June of 1992. In the summer of 1992, BRS agreed to testing of the plaintiff at the Newington Children's Hospital and further evaluation of her eligibility for paid services.
In early September 1992, the plaintiff enrolled in the Threshold Program at Lesley College. The program is a non-degree two-year program designed for high school graduates with learning disabilities. The program provides instruction in vocational independent living skills as well as on the job experiences. The initial BRS conclusion was that the plaintiff was not severely disabled and thus not entitled to paid services. In an administrative review conducted in April of 1993, BRS determined that the plaintiff was severely disabled and entitled to paid services. An interdisciplinary team meeting ("IDT") was held on July 12, 1993 to develop a program that would be compatible with the plaintiffs vocational goal. The meeting included representatives from several in-state programs, which included VISTA, Housatonic Community College and Futures.
The Futures Program could locate a job site and assess the plaintiffs skills at the job, as well as providing housing opportunities in independent living skills. Academic support would also be available as needed through the University of Connecticut. Housatonic Community College had a program which would provide the plaintiff with academic support and vocational training in childcare. The VISTA program could provide the necessary academic and vocational support for the plaintiff to facilitate her obtaining her vocational goal.
The plaintiff and her family indicated that they wanted BRS assistance in funding her attendance at the second year of the Threshold Program. The plaintiff was advised on July 20, 1993 that BRS concluded that it would not provide funding for the Threshold Program but would be willing to provide funding for a program within the State of Connecticut. The plaintiff, on August 16, 1993, requested a fair hearing to contest-the decision by BRS denying her request to be supported in her attendance at the Threshold Program of Lesley College. In September of 1993, the plaintiff returned to the Threshold Program for the second year. CT Page 6636 A hearing was held at the offices of BRS in Windsor, Connecticut on January 5, 7, 12, 14 and 27; February 1 and 7; April 3, 10, 31 and May 16, 1994. At the hearing, the plaintiff had full opportunity to examine and cross examine witnesses and present evidence and argument. The plaintiff and BRS filed briefs which were received by the hearing officer on or before October 20, 1994 and reply briefs which were received on or before November 9, 1994. On October 20, 1994, the plaintiff's motion to supplement the record was granted. The fair hearing officer issued a decision on January 9, 1995. By letter dated January 31, 1995, the plaintiff was notified by the BRS director that the hearing officer's decision of January 9, 1995 represented the final decision of BRS. The plaintiff filed and served this appeal on February 10, 1995. Briefs were filed by the plaintiff on March 24, 1995 and July 2, 1998. The defendants filed briefs on July 26, 1995 and October 2, 1998. The parties were heard in oral argument on May 20, 1999.
At the outset, the court notes the "standard of review for all of the plaintiff's claims on appeal. Because [the court is] reviewing the decision of an administrative agency, [the court's] review is highly deferential. . . . Ordinarily, this court affords deference to the construction of a statute applied by the administrative agency empowered by law to carry out the statute's purposes. . . . [A]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . furthermore, when a state agency's determination of a question of law has not previously been subject to judicial scrutiny . . . the agency is not entitled to special deference. . . . [I]t is for the courts, and not administrative agencies, to expound and apply governing principles of law. . . ." (Citations omitted; internal quotation marks omitted.) Bezzini v. Dept. of Social Services,49 Conn. App. 432, 436 (1998).
The court's "review of an agency's factual determination is constrained by General Statutes § 4-183(j), which mandates that a court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been CT Page 6637 prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . (5) clearly erroneous in view of the reliable, probate, and substantial evidence on the whole record. . . . This limited standard of review dictates that, with regard to questions of fact, it is neither the function of the trial co . . . to retry the case or to substitute its judgment for that of the administrative agency. . . . An agency's factual determination must be sustained if it is reasonably supported by substantial evidence in the record taken as a whole. . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . This substantial evidence standard is highly deferential and permits less judicial scrutiny than a clearly erroneous or weight of the evidence standard of review. . . .The burden is on the plaintiffs to demonstrate that the [agency's] factual conclusions were not supported by the weight of substantial evidence on the whole record. . . ." (Brackets omitted; citations omitted; internal quotation marks omitted.) New England Cable Television Assn., Inc. v. DPUC,247 Conn. 95, 117-18 (1998).
This case involves the application of the Federal Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. This act establishes a program that authorizes the federal government to provide grants of assistance to states that choose to participate. Connecticut has chosen to participate and the Bureau of Rehabilitation Services of the Department of Social Services is the state agency empowered to provide assistance under this program. See General Statutes § 17b-651 and 17b-658.[1] The purpose of the Rehabilitation Act of 1973 is "to develop and implement comprehensive and coordinate programs of vocational rehabilitation and independent living, for individuals with handicaps in order to maximize their employability, independence, and integration into the workplace and community."[2] A mandatory provision of the Rehabilitation Act is that once an eligibility determination is made that for each eligible applicant an individual written rehabilitation program ("IWRP") be "jointly developed, agreed upon, and signed by . . . such eligible individual . . . and the vocational rehabilitation counselor or coordinator. . . ." Rehabilitation Act of 1973,29 U.S.C. § 722 (b)(1)(A)(i).[3] The federal regulations limit financial services including financial assistance sought by the plaintiff to cases in which an IWRP has been properly completed. 34 CY.R. § 361.44; see also Regs., Conn. State Agencies §10-102-15; Appeal of Wenger, 504 N.W.2d 794
(Mm. App. 1993). CT Page 6638
In Appeal of Wenger, the applicant, as in this case, was a disabled person for purposes of the act, but failed to obtain an IWRP. The court held: "Wenger, however, is not entitled to rehabilitation services in the absence of an IWRP jointly adopted by Wenger and the DRS [Department of Rehabilitation Services]."Appeal of Wenger, supra, 504 N.W.2d 799 The Wenger
court relied on the federal district court decision Buchanan v.Ives, 793 F. Sup. 361 (D. Maine 1991) in which the joint development feature of the IWRP was affirmed. In that case, the court held: "The Plaintiff contends the Act should be interpreted to provide a client with the final right to choose his vocational rehabilitation goal, so long as it is within his capabilities. . . . However, `joint' participation does not mean giving a client the final or exclusive decision making authority to determine his own goal. The plain meaning of the word `jointly' indicates that the decision be made by at least two persons acting in concert. Although the client must be given every opportunity to participate in the decision-making, the rehabilitation counselor must make the final decision on eligibility and the scope of services provided." Buchanan v. Ives, supra, 793 F. Sup. 366. This case is undisputed in that there was no individual written rehabilitation program or IWRP.
In the instant case, the plaintiff also failed to take advantage of the review process provided by General Statutes § 17b-654. See also Regs., Conn. State Agencies § 10-102 20. In addition to an informal administrative review of IWRPs provided in General Statutes § 17b-654(a), the plaintiff could have requested a formal hearing pursuant to § 17b-654
(b). See also Regs, Conn. State Agencies § 10-102-21. This the plaintiff failed to do. BRS' regulations specifically prohibit financial assistance in the absence of an IWRP.[4]
An additional factor for the denial of assistance with respect to the Lesley College Program was the economics; in that the in-state programs could be provided at a substantially lower cost. In fact, one of the in-state programs could have resulted in a paid position while she was receiving childcare training. Though the agency could not include a consideration of economic factors in determining her vocational goals, cost of providing services is an appropriate factor for consideration in the selection of a program which implements the goal. See Buchanan v.Ives, supra, 793 F. Sup. 361; Zingher v. Department of Aging Disabilities, 664 A.2d 256, 163 Vt. 566 (1995); Murphy v. OfficeCT Page 6639of Vocational Educational Services, 705 N.E.2d 1180, 92 N.Y.2d 477
(1998).
The plaintiff seeks in her brief to raise an issue of constitutional rights with respect to the denial of the out-of-state Lesley College Program as opposed to the in-state programs. The plaintiff, however, fails to cite any authority where a constitutional right to travel was impacted where an agency considered location as merely one of many factors considered in determining benefits. In the instant case: (1) the lack of an IWRP prevented the payment of the Lesley College Program; (2) the extensive nature of the Lesley College Program was unnecessary to facilitate the plaintiffs employment as a childcare worker; and (3) the essential services could be provided at substantially reduced cost by alternate programs which happened to be located in Connecticut.
The facts of this case do not raise any constitutional issue with respect to due process, equal protection or the right to travel.
The BRS decision was supported by substantial evidence in the record indicating the plaintiff's level of functioning (successful employment history) and available less costly programs which would qualify her as a childcare worker.
The BRS decision is affirmed and the appeal is dismissed.
Robert F. McWeeny, J