[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue raised by the state's motion to dismiss this civil action involves the interpretation of Public Acts No. 96-85 which amended General Statutes § 4-142.
The plaintiff has brought this action against the state of Connecticut alleging that the Connecticut department of public safety denied him a job because he disclosed that he was homosexual in a pre-employment polygraph test. The plaintiff further alleges that the test administrator's report included remarks that did not fully and accurately reflect statements the CT Page 12064 plaintiff made before and during the polygraph. Specifically, the plaintiff alleges that the defendant violated General Statutes § 4-193 et seq., the Personal Data Act (count one), misrepresented facts and negligently and intentionally inflicted emotional distress (count two), invaded the plaintiff's privacy (count three), discriminated against the plaintiff in violation of General Statutes § 46a-81i(a) (count four), and violated the plaintiff's fourteenth amendment rights, giving rise to a42 U.S.C. § 1983 claim (count five). The plaintiff further alleges that General Statutes § 4-142, which lists the claims excepted from the claims commissioner's jurisdiction, waives the application of the doctrine of sovereign immunity.
The defendant has moved to dismiss counts two, three, and five on the grounds that these counts were barred by the doctrine of sovereign immunity. In its memorandum in support of its motion to dismiss, the defendant argues that General Statutes § 4-142(2) does not waive sovereign immunity. Section 4-142(2) provides: "There shall be a Claims Commissioner who shall hear and determine all claims against the state except: (1) Claims for the periodic payment of disability, pension, retirement or other employment benefits; (2) claims upon which suit otherwise is authorized by law including suits to recover similar relief arising from the same set of facts; (3) claims for which an administrative hearing procedure otherwise is established by law; (4) requests by political subdivisions of the state for the payment of grants in lieu of taxes; and (5) claims for the refund of taxes." The defendant argues that § 4-142(2) concerns the jurisdiction of the claims commissioner, not that of the superior court. The statute, the defendant argues, eliminates the necessity of having the claims commissioner hear cases that are properly brought before the superior court.
After the state filed its motion to dismiss, the plaintiff purported to file an amended complaint. Because, however, the state's motion is based on the doctrine of sovereign immunity and therefore implicates the court's subject matter jurisdiction; seeAmore v. Frankel, 228 Conn. 358, 364, 636 A.2d 786 (1994);Lussier v. Dept. of Transportation, 228 Conn. 343, 348-49,636 A.2d 808 (1994); Tamm v. Burns, 222 Conn. 280, 282-83,610 A.2d 590 (1992); the court must dispose of the state's motion without considering the subsequently amended complaint. See FederalDeposit Ins. Corp. v. Peabody, N.E., Inc., 239 Conn. 93, 99-100,680 A.2d 1321 (1996). CT Page 12065
The plaintiff filed a memorandum in opposition to the defendant's motion to dismiss. In his memorandum the plaintiff argues that because § 4-142(2) excludes from the claims commissioner's jurisdiction "suits to recover similar relief arising from the same set of facts" as a claim authorized by law, the court has jurisdiction over those similar claims, not subject to governmental immunity.
The claim against the defendant department of public safety is a claim against the state to which the doctrine of governmental immunity applies. "Ordinarily, where a state official has been sued concerning some matter in which he represents the state and the state, though not a named defendant, is the real party against whom relief is sought, so that the judgment, though nominally against the official, will operate to control the activities of the state or subject it to liability, the suit is, in effect, one against the state and cannot be maintained without its consent." Anderson v. Argraves,146 Conn. 316, 320, 150 A.2d 295 (1959); see Krozser v. New Haven,212 Conn. 415, 420, 562 A.2d 1080 (1989) ("[B]ecause the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state."), quoting Fetterman v.University of Connecticut, 192 Conn. 539, 550-51, 472 A.2d 1176
(1984).
The plaintiff contends that Public Acts No. 96-85, which amended General Statutes § 4-142, expanded the jurisdiction of the court by waiving sovereign immunity for "suits to recover similar relief arising from the same set of facts" as "claims upon which suit otherwise is authorized by law. . ." "Because it involves statutory interpretation, this issue presents a question of law for this court." Office of Consumer Counsel v.Dept. of Public Utility Control, 234 Conn. 624, 641,662 A.2d 1251 (1995). "In matters of statutory interpretation, we are guided by well established principles, paramount among which is the principle that `[o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . .' (Citations omitted; internal quotation marks omitted.) State v. Spears, 234 Conn. 78, 86-87, CT Page 12066662 A.2d 80, cert. denied, 516 U.S. 1009, 116 S.Ct. 565,133 L.Ed.2d 490 (1995)." Connecticut Assn. of Not-For-Profit Providers forthe Aging v. Dept. of Social Services, 244 Conn. 378, 391,709 A.2d 1116 (1998); see Doe v. Doe, 244 Conn. 403, 424,710 A.2d 1297 (1998); State Board of Labor Relations v. Freedom ofInformation Commission, 244 Conn. 487, 495, 709 A.2d 1129 (1998).
First, "[w]e begin with the common law background against which the [`Claims Against the State'] statutes were enacted."Castagno v. Wholean, 239 Conn. 336, 340, 684 A.2d 1181 (1996); see also Devlin v. Wiener, 232 Conn. 550, 555, 656 A.2d 664
(1995). At common law there was no right of action against the sovereign state. See Baker v. Ives, 162 Conn. 295, 298,294 A.2d 290 (1972).[1] The state may and historically has "`consent[ed] to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases. . .' White v. Burns,213 Conn. 307, 312, 567 A.2d 1195 (1990)." Bresnan v. Frankel,224 Conn. 23, 26-27, 615 A.2d 1040 (1992). Where, however, the state has provided such a statutory action, the statute has remained the sole basis for recovery; no common law action may be appended. See Murphy v. Ives, 151 Conn. 259, 263, 196 A.2d 596 (1963).
In 1959, the General Assembly, acting pursuant to constitutional provision; Conn. Const., art. XI, § 4; enacted the act dealing with claims against the state. See Hirschfeld v.Commission on Claims, 172 Conn. 603, 604-05, 376 A.2d 71 (1977). "In implementing article eleventh, § 4, of our state constitution, the legislature has established a tribunal, the claims commissioner, for the adjudication of claims against the state where monetary relief is sought. General Statutes §§4-141, 4-142; Hirschfeld v. Commission on Claims, [supra, 604]. The claims commissioner is authorized to `approve immediate payment of just claims not exceeding [$7500].' General Statutes § 4-158. For claims greater than that sum, the claims commissioner must recommend their payment or rejection to the general assembly which `may accept, alter or reject any such recommendation.' General Statutes § 4-159. The claims commissioner also, when he `deems it just and equitable,' may effectively waive the state's sovereign immunity by authorizing suit `on any claim which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable.' General Statutes § 4-160(a). This legislation expressly bars suits upon claims cognizable by the claims commissioner except as he may authorize, an indication of the legislative determination to preserve sovereign immunity as a defense to monetary claims CT Page 12067 against the state not sanctioned by the commissioner or other statutory provisions. General Statutes §§ 4-148(b), 4-160."Doe v. Heintz, 204 Conn. 17, 35-36, 526 A.2d 1318 (1987); see also Capers v. Lee, 239 Conn. 265, 267-68 n. 3, 684 A.2d 696
(1996).
"Decisions of the claims commissioner are not subject to judicial review. Circle Lanes of Fairfield, Inc. v. Fay,195 Conn. 534, 539, 489 A.2d 363 (1985). The entire scheme, which authorizes claims against the state, makes clear that the claims commissioner, and not the court, can waive sovereign immunity.Krozser v. New Haven, [supra, 212 Conn. 424]. The claims commissioner has not granted permission to sue the state in the present case." Cooper v. Delta Chi Housing Corp. of Connecticut,41 Conn. App. 61, 64, 674 A.2d 858 (1996). "Certain claims, however, are not within the power of the claims commissioner to hear and determine. General Statutes § 4-142. A claim against the state upon which suit is otherwise authorized by law is one such exception to the power of the commissioner to hear and determine. General Statutes § 4-142(2)." Connecticut StateEmployees Assn. v. Dept. of Administrative Services,20 Conn. App. 676, 678, 569 A.2d 1152, cert. denied, 214 Conn. 810,573 A.2d 320 (1990).
Second, we examine the words of the statute itself. General Statutes § 4-142(2), as amended by Public Act 96-85, provides: "There shall be a Claims Commissioner who shall hear and determine all claims against the state except . . . (2) claims upon which suit otherwise is authorized by law includingsuits to recover similar relief arising from the same set offacts. . ." (Emphasis added.) Nothing in this italicized language, which was added to the statute by Public Act 96-85, purports to augment the jurisdiction of the superior court. "An amendatory act is presumed not to change the existing law further than is expressly declared or necessarily implied." Rose v.Freedom of Information Commission, 221 Conn. 217, 602 A.2d 1019
(1992), quoting Doe v. Institute of Living, Inc., 175 Conn. 49,63, 392 A.2d 491 (1978). "[T]he state's sovereign right not to be sued without its consent is `not to be diminished by statute, unless a clear intention to that effect on the part of the legislature is disclosed, by the use of express terms or by force of a necessary implication.'" Lacasse v. Burns, 214 Conn. 464,468, 572 A.2d 357 (1990), quoting Murphy v. Ives, supra,151 Conn. 262-63; State v. Kilburn, 81 Conn. 9, 11, 69 A. 1028
(1908). "`[S]tatutes in derogation of sovereignty should be CT Page 12068 strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed.'" Krozser v. NewHaven, supra, 212 Conn. 421, quoting Duguay v. Hopkins,192 Conn. 222, 232, 464 A.2d 45 (1983).
Finally, the plaintiff's claim that General Statutes § 4-142(2), as amended by Public Act 96-85, expands the scope of actions to which the state has consented, is refuted by the legislative history of the 1996 enactment. The bill was proposed by the Office of the Attorney General. Writing to the Judiciary Committee in support of the legislation, Senate Bill 302, the Attorney General stated:
 Despite the statutory prohibition against the Claims Commissioner hearing cases which could be otherwise brought in court, my office is defending several suits simultaneously in two forums — both the Claims Commission and the superior court — although the claim arises out of the same action of a state employee or official and both requests are for money damages. In essence, these claimants are afforded two opportunities to collect from the state.
 Senate Bill 302 would clarify the original intent of the Claims Commission by specifying that a claimant who is seeking money damages from the state, and who is authorized to bring a direct action in superior court, cannot bring a claim based on the same set of facts simultaneously through the Claims Commissioner."
(Emphasis in original.) Judiciary Committee Hearings, 1996 Sess., Pt. 4, p. 785, letter from Attorney General Richard Blumenthal.
Speaking in support of the legislation on the floor of the House of Representatives, Representative Ellen Scalettar explained: "This bill clarifies the procedure with respect to bringing a claim before the Claims Commissioner and . . . that a claim cannot be simultaneously brought before the Claims Commissioner and a court of law. . . [T]here was a recent court decision where a lawsuit and a claim were pursued at the same time based upon the same underlying facts and seeking the same relief. This bill would clarify that that is not appropriate under the statute." 39 H.R. Proc., Pt. 6, 1996 Sess., pp. 2034-2035, remarks of Representative Ellen Scalettar. CT Page 12069
Nothing in the language, legislative history or common law background of Public Acts No. 96-85 suggests that it was intended to diminish sovereign immunity or enlarge the state's waiver of the doctrine and thereby expand the jurisdiction of the court. The court, therefore, does not have jurisdiction over counts two and three of the plaintiff's complaint. The same is true of count five, which asserts a cause of action pursuant to the federal civil rights statute, 42 U.S.C. § 1983. See Krozser v. NewHaven, supra, 212 Conn. 422 ("Section 1983 does not abrogate the common law doctrine of sovereign immunity."); Fetterman v.University of Connecticut, supra, 192 Conn. 550 ("[W]e agree with the defendants that alternative grounds sustain the dismissal as to certain of the plaintiff's [§ 1983] claims. Sovereign immunity is the alternative ground which will lead to dismissal. . .").
The defendants' motion to dismiss is granted.
BY THE COURT
Bruce L. LevinJudge of the Superior Court